UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL WANG,<br><br>       Plaintiff,<br><br>  vs.<br><br>WICRESOFT CO., LTD., SHANGHAI WICRESOFT CO. LTD., SUMMER ZHANG, MICROSOFT CORPORATION,<br><br>       Defendants. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>DIVERSITY OF CITIZENSHIP<br><br>28 U.S.C. §§ 1331, 1367, 1441, 1446 |

TO:       Clerk of the Court;

AND TO:   Daniel Wang, Plaintiff;

PLEASE TAKE NOTICE that Defendant "Wicresoft Co., Ltd.," the correct name of which is Wicresoft North America Company Limited ("Wicresoft") , by this Notice, now effects the removal of the state action (filed on December 16, 2025, Case No. 25-2-37801-2 SEA) described below from the Superior Court of the State of Washington in and for the County of King ("State Court") to the United States District Court for the Western District of Washington at Seattle.  This removal is pursuant to 28 U.S.C. §§ 1331, 1367, and 1441 and is timely under 28 U.S.C. § 1446.

In support of its Notice of Removal, Wicresoft provides the following information:

NOTICE OF REMOVAL
Case No.

1

LITTLER MENDELSON, P.C.
WELLS FARGO TOWER
1300 SW 5TH AVENUE, SUITE 2050
PORTLAND, OREGON 97201
503.221.0309

**PLEADINGS**

On December 16, 2025, Plaintiff Daniel Wang ("Plaintiff") initiated a civil action in King County Superior Court. A true and correct copy of all process, pleadings, orders, and other papers served upon Wicresoft in the state court action are attached hereto pursuant to 28 U.S.C. § 1446(a) as follows: (1) the Complaint is attached as **Exhibit 1**; (2) the Order Setting Case Schedule is attached as **Exhibit 2;** (3) the Case Information Cover Sheet is attached as **Exhibit 3;** (4) the Summons is attached as **Exhibit 4**; (5) a Pro Se Notice of Appearance is attached as **Exhibit 5**; (6) a Motion and Declaration For Waiver of Civil Fees and Surcharges is attached as **Exhibit 6**; (7) an Order Re Waiver of Civil Fees and Surcharges is attached as **Exhibit** 7; (8) a Faulty Document Notice  is attached as **Exhibit 8**; (9) an Amended Summons is attached as **Exhibit 9**; (10) the Amended Complaint is attached as **Exhibit 10**; (11)  the Declaration of Service is attached as **Exhibit 11**; (12) the Certificate of E-Service is attached as **Exhibit 12**; and (13) the Notice of Appearance of Defendants is attached as **Exhibit 13**.

**FEDERAL QUESTION JURISDICTION**

This Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq ("Title VII"), 42 U.S.C. § 1981, and U.S. Const. Amend. XIV. *See* Ex. 10 at ¶ 2. ("This is a civil action for relief from unlawful employment discrimination, aiding and abetting discrimination, retaliation, hostile work environment, intentional infliction of emotional distress, and negligent infliction of emotional distress in violation of Title VII, 42 U.S.C. § 1981, and the Washington Law Against Discrimination. U.S. Const. Amend. XIV…") and p. 6 "First Cause of Action" (seeking relief under Title VII).

"When a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under' federal law and therefore may be removed to federal court." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1394 (9th Cir. 1988). As Plaintiff explicitly invokes Title VII as a source of recovery, the case "aris[es] under the . . . laws . . . of the United States." 28

NOTICE OF REMOVAL
Case No.

2

U.S.C. § 1331. This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

Plaintiff also alleges claims arising under state law. *See* Ex. 1 at 7-10. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367 because they rest on the same facts and occurrences which he alleges support his request for recovery pursuant to Title VII, and thus are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" between the parties. 28 U.S.C. § 1367(a).

## PROCESS AND VENUE

This Notice of Removal is timely as it is made within 30 days after Plaintiff served Wicresoft with a copy of the initial pleading on December 29, 2025. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time to remove does not begin to run until proper service of the summons and complaint). *See* Ex. 11 (Declaration of Service). Upon information and belief, no other Defendant has been properly served.

Venue is proper in the Western District of Washington at Seattle, because it encompasses the place where this action is currently pending. 28 U.S.C. §§ 128(b), 1441(a).

Written notice of the filing of this Notice of Removal has been given to all parties who have appeared in this action, and a copy has been filed with the Clerk of Court of the Superior Court of the State of Washington, in and for the County of King, where Plaintiff commenced this action.

## RESERVATION OF RIGHTS

In the event this Court should be inclined to remand this action, Wicresoft requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to insufficient service of process, insufficient process, or lack

NOTICE OF REMOVAL
Case No.

3

of personal jurisdiction.

WHEREFORE, Wicresoft respectfully requests that this action now pending in the King County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington at Seattle.

Dated:  January 28, 2026

/s/ *Randi Ensley*
Randi Ensley, WSBA #61410
rensley@littler.com

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
Telephone:   503.221.0309
Facsimile:    503.242.2457

/s/ *Breanne Sheetz Martell*
Breanne Sheetz Martell, WSBA #39632
bsmartell@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
Telephone:   206.623.3300
Facsimile:    206.447.6965

Attorneys for Defendant WICRESOFT CO., LTD.

NOTICE OF REMOVAL
Case No.

4

LITTLER MENDELSON, P.C.
WELLS FARGO TOWER
1300 SW 5TH AVENUE, SUITE 2050
PORTLAND, OREGON 97201
503.221.0309

## CERTIFICATE OF SERVICE

I am a resident of the State of Oregon. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1300 SW 5th Ave, Wells Fargo Tower – Suite 2050, Portland, OR 97201.  I hereby certify that on January 28, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**<u>Plaintiff Pro Se</u>**

Daniel Wang
GongShu District, Xinbei Road,
HuaShengDaShiDai Center, Seat D, Suite 1519
Hangzhou, China
Phone: 186-2714-3623
Email: wang.x.daniel@gmail.com

I certify under penalty of perjury under the laws of the United States and of the State of Oregon that the foregoing is true and correct.

Executed on January 28, 2026, at Portland, Oregon.

*/s/ Genevieve Henny*
Genevieve Henny
ghenny@littler.com
**LITTLER MENDELSON, P.C.**

4925-7267-2900.1 / 102041.1002

NOTICE OF REMOVAL
Case No.

5

LITTLER MENDELSON, P.C.
WELLS FARGO TOWER
1300 SW 5TH AVENUE, SUITE 2050
PORTLAND, OREGON 97201
503.221.0309