UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL WANG, | CASE NO. C26-0321JLR |
| Plaintiff, | ORDER |
| v. | |
| WICRESOFT CO. LTD., et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Daniel Wang's motion to remand this action to King County Superior Court.  (MTR (Dkt. # 5).)  Defendant Wicresoft North America Limited ("Wicresoft")[1] opposes Mr. Wang's motion.  (Resp. (Dkt. # 14).)  Mr. Wang did not file a reply.  (*See generally* Dkt.)  The court has reviewed the parties' submissions,

---

[1] Mr. Wang incorrectly refers to Wicresoft as "Wicresoft Co. Ltd." in his complaint and motion.  (*See generally* Am. Compl. (Dkt. # 1-11); MTR.)

ORDER - 1

the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Mr. Wang's motion to remand.

## II.   BACKGROUND

Mr. Wang filed this action in King County Superior Court on December 16, 2025. (*See* Compl. (Dkt. # 1-2) at 1.)  He amended his complaint on December 22, 2025.  (*See* Am. Compl. at 1.)  Mr. Wang alleges, in relevant part, that Wicresoft and Defendants Shanghai Wicresoft Co. Ltd, Summer Zhang, and Microsoft Corporation discriminated against him on the basis of his nationality, citizenship, and age and subjected him to retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.180(3).  (*Id.* ¶¶ 1-2.)  Mr. Wang raises a federal claim for violation of Title VII and state-law claims for violations of the WLAD, intentional infliction of emotional distress, and negligent infliction of emotional distress.  (*Id.* ¶¶ 22-65.)

On January 28, 2026, Wicresoft removed the action to this court on the basis of federal question jurisdiction because Mr. Wang refers to Title VII and 42 U.S.C. § 1981 in his complaint and brings a claim for violation of Title VII.  (*See* Not. of Removal (Dkt. # 1) at 2-3); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Mr. Wang filed his motion to remand on January 30, 2026.  (MTR.)  The motion is now fully briefed and ripe for decision.

//

//

### III.   ANALYSIS

A defendant may remove to federal court any civil action brought in state court over which the district court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal courts have original subject matter jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331.  Under the "well-pleaded complaint rule," cases generally arise under federal law only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "This rule makes a plaintiff the master of his complaint:  it allows him to avoid federal jurisdiction by relying exclusively on state law."  *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).  On removal, the court has supplemental jurisdiction over all related state-law claims that are part of the same "case or controversy."  28 U.S.C. § 1367(a); 28 U.S.C. § 1441(c).  "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted); *see Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025) ("Under [§ 1367], jurisdiction over a federal-law claim brings with it supplemental jurisdiction over a state-law claim arising from the same facts.").

Here, Mr. Wang raises a claim for retaliation in violation of Title VII, a federal statute.  (*See* Am. Compl. ¶¶ 2, 29-32.)  As a result, the case "arises under" federal law, and there can be no dispute that Wicresoft's removal of this matter was proper. 28 U.S.C. § 1331; 28 U.S.C. § 1441(a), (c).  The court has supplemental jurisdiction over

Mr. Wang's state-law claims because they arise from the same employment dispute from which his federal claim arises. 28 U.S.C. § 1367; (*see generally* Am. Compl.).

The court is not persuaded by Mr. Wang's arguments in favor of remand. First, Mr. Wang argues that this matter should be remanded because state courts have concurrent authority to adjudicate Title VII claims. (MTR at 2 (citing *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821 (1990)).) The fact that a state court *may* adjudicate Title VII claims, however, does not deprive Wicresoft of its statutory entitlement to remove the action to federal court under 28 U.S.C. § 1441(a).

Second, Mr. Wang argues that the court should decline supplemental jurisdiction over his state-law claims and remand them to state court. (MTR at 3-4.) A district court "may decline to exercise supplemental jurisdiction over a claim" if: (1) the supplemental claim "raises a novel or complex issue of State law"; (2) the supplemental claim "substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "the district court has dismissed all claims over which it has original jurisdiction"; or (4) "exceptional circumstances" present "other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). This case satisfies none of these conditions. Courts in this District routinely preside over cases that include claims under both Title VII and the WLAD. *See, e.g.*, *Diemert v. City of Seattle*, 776 F. Supp. 3d 922 (W.D. Wash. 2025) (analyzing claims under Title VII and the WLAD); *Brzycki v. Harborview Med. Ctr.*, No. C18-1582MJP, 2020 WL 1237154 (W.D. Wash. Mar. 13, 2020) (same). Furthermore, Mr. Wang's amended complaint does not raise novel or complex issues of state law; the state-law claims do not substantially predominate over

ORDER - 4

the Title VII claim; and the court finds no exceptional circumstances that would warrant declining supplemental jurisdiction over state-law claims that arise from the same set of facts as the Title VII claim.

As long as Mr. Wang's complaint includes federal claims, the court must exercise its jurisdiction over those claims and deny the motion to remand. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441(a); *see also Cohens v. State of Virginia*, 19 U.S. 264, 404 (1821) ("We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."). However, "[w]hen a plaintiff amends [his] complaint following [his] suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Royal Canin*, 604 U.S. at 30. Thus, if Mr. Wang "eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves" and "[t]he case must therefore return to state court." *Id.* at 30, 26. Accordingly, if Mr. Wang prefers to prosecute this case in state court, he may file a motion for leave to amend his complaint to delete his Title VII claim and all references to Title VII and 42 U.S.C. § 1981. *See* Local Rules W.D. Wash. LCR 15(a) (governing motions for leave to amend a pleading).

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Wang's motion to remand (Dkt. # 5). If Mr. Wang prefers to proceed in state court, he may file a motion for leave to

//

//

//

ORDER - 5

amend his complaint to delete references to federal law by no later than **March 12, 2026**.

Dated this 2nd day of March, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 6