UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL WANG, | CASE NO. C26-0321JLR |
| Plaintiff, | ORDER |
| v. | |
| WICRESOFT CO. LTD., et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Daniel Wang's motion for leave to file a second amended complaint.  (MTA (Dkt. # 19).)  Defendants Wicresoft North America Limited,[1] Shanghai Wicresoft Co. Ltd, Summer Zhang, and Microsoft Corporation (together, "Defendants") did not respond to Mr. Wang's motion before the March 17, 2026 deadline to do so expired.  (*See generally* Dkt.); *see* Local Rules W.D. Wash. LCR 7(d)(3)

---

[1]  Mr. Wang incorrectly refers to Wicresoft as "Wicresoft Co. Ltd." in his amended complaint.  (*See generally* Am. Compl. (Dkt. # 1-11).)

ORDER - 1

(requiring the opposing party to respond to a motion no later than 15 days after the filing date of the motion).  The court has reviewed Mr. Wang's motion, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Mr. Wang's motion for leave to amend, DENIES all other pending motions as moot, and REMANDS this matter to King County Superior Court for lack of subject matter jurisdiction.

## II.     BACKGROUND

Mr. Wang filed this action in King County Superior Court on December 16, 2025.  (*See* Compl. (Dkt. # 1-2) at 1.)  He amended his complaint on December 22, 2025.  (*See* Am. Compl. at 1.)  In his amended complaint, Mr. Wang alleges, in relevant part, that Defendants discriminated against him on the basis of his nationality, citizenship, and age and subjected him to retaliation.  (*Id.* ¶¶ 1-2.)  Mr. Wang raises a federal claim for violation of Title VII of the Civil Rights Act of 1964 and state-law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and violations of the Washington Law Against Discrimination.  (*Id.* ¶¶ 22-65.)

On January 28, 2026, Wicresoft removed the action to this court on the basis of federal question jurisdiction because Mr. Wang raised a claim for violation of Title VII.  (*See* Not. of Removal (Dkt. # 1) at 2-3).  Mr. Wang moved to remand the action to King County Superior Court on January 30, 2026.  (MTR (Dkt. # 5).)  The court denied the motion to remand on March 2, 2026.  (3/2/26 Order (Dkt. # 18).)  Mr. Wang filed his motion for leave to amend later that same day.  (*See* MTA.)

//

//

ORDER - 2

### III.   ANALYSIS

Because he has already amended his complaint, Mr. Wang may file a second amended complaint "only with [Defendants'] written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* The court considers five factors when determining whether to grant leave to amend: undue delay, bad faith, repeated failure to cure deficiencies, prejudice to the opposing party, and futility of amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). The party opposing amendment bears the heavy burden of overcoming this presumption. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Here, Mr. Wang asks for leave to amend his complaint to (1) delete his Title VII claim and thereby eliminate federal question jurisdiction and (2) add state-law claims for constructive discharge, failure to accommodate, and disability discrimination. (MTA at 2-3; *see* Prop. 2d Am. Compl. (Dkt. # 19).) The court finds that none of the relevant factors weigh against granting leave to amend and considers Defendants' failure to respond to the motion "as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). Therefore, the court GRANTS Mr. Wang's unopposed motion for leave to amend and deems his proposed second amended complaint the operative complaint. (*See* Prop. 2d Am. Compl.) Because an amended complaint supersedes an original complaint and renders the original complaint without legal effect, *Ramirez v.*

ORDER - 3

*Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015), the court DENIES as moot Defendants' pending motions to dismiss (Dkt. ## 8, 17) and Mr. Wang's cross-motion and response to Wicresoft's motion to dismiss (Dkt. # 10).

Furthermore, "[w]hen a plaintiff amends [his] complaint following [his] suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025).  Because Mr. Wang has now "eliminate[d] the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolve[d]." *Id.*  "The case must therefore return to state court." *Id.* at 26.  Accordingly, the court REMANDS this action to King County Superior Court.

## IV.   CONCLUSION

For the foregoing reasons, the court (1) GRANTS Mr. Wang's motion for leave to file a second amended complaint (Dkt. # 19); (2) DENIES the remaining motions as moot (Dkt. ## 10, 17, 19); and (3) REMANDS this action to King County Superior Court.

Dated this 19th day of March, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 4